[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This foreclosure proceeding was commenced by the plaintiff on November 12, 1993.
It is uncontroverted that the defendant executed a mortgage deed and note dated August 23, 1991, with a maturity date of August 23, 1993. The mortgage note provided, inter alia, that in the event of default of the provisions of the note or deed securing the note, that the interest rate would be 17 percent on the unpaid balance.
On August 30, 1993, a payoff figure was requested and the figure given included interest computed at 17 percent since February, 1993. The plaintiff claims that a default occurred at that time because the defendant failed to keep the premises insured pursuant to the terms of the mortgage deed.
The testimony fails to convince the court that a default occurred in February, 1993.
The court further is of the opinion that the defendant was ready, willing and able to pay the proper balance of the note on August 30, 1993. The plaintiff's argument that the defendant failed to make a tender on or within thirty days of the maturity date is not persuasive. The plaintiff may have believed in good faith that it was entitled to 17 percent interest, however, the facts do not support this belief.
Since a default has not occurred, the court cannot order a CT Page 1142 foreclosure as requested. The defendant requests that this court make additional findings as to the balance of the note with a hearing or without a hearing.
The court is not empowered to enter any such order unless requested by both parties to do so.
If both parties wish a hearing to have the court determine the amount of the debt, the court would be pleased to accommodate the parties in order to avoid a circuity of actions.
Judgment of foreclosure is denied.
Mihalakos, J.
CT Page 1142